# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3067
LT Case Nos. 2022-CF-000332
2022-CF-000333
2022-CF-000334
2022-CF-000335

_____

JOSEPH YOUNGBLOOD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Sumter County.
Mary Hatcher, Judge.

Matthew J. Metz, Public Defender, and Victoria Rose
Cordero, Assistant Public Defender, Daytona Beach, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Stephen R.
Putnam, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

October 8, 2024

MACIVER, J.

In this *Anders*[1] appeal, we affirm Joseph Youngblood's judgment and sentences in each of L.T. Case Nos. 2022-CF-000332, 2022-CF-000333, 2022-CF-000334, and 2022-CF-000335.

However, we reverse and remand: the imposition of the $400.00 ($100.00 x 4) cost pursuant to section 938.055, Florida Statutes (FDLE Operating Trust Fund) in L.T. Case No. 2022-CF-000332; the imposition of the $200.00 ($100.00 x 2) cost pursuant to section 938.055, Florida Statutes (FDLE Operating Trust Fund) in L.T. Case No. 2022-CF-000333; the imposition of the $200.00 ($100.00 x 2) cost pursuant to section 938.055, Florida Statutes (FDLE Operating Trust Fund) in L.T. Case 2022-CF-000334; and the imposition of the $200.00 ($100.00 x 2) cost pursuant to section 938.055, Florida Statutes (FDLE Operating Trust Fund) in L.T. Case No. 2022-CF-000335. The trial court did not orally pronounce this cost at sentencing. If applicable and procedurally justified, the trial court may reimpose the cost on remand. *Jackson v. State*, 313 So. 3d 221, 221 (Fla. 5th DCA 2021).

Additionally, we remand for correction of scrivener's errors. We remand for correction of the written judgment in L.T. Case No. 2022-CF-000333 to reflect—consistent with the trial court's oral pronouncement—that Defendant shall be required to submit DNA samples as required by law. We remand for correction of the written sentence in L.T. Case No. 2022-CF-000333 to reflect—consistent with the trial court's oral pronouncement—that the composite term of all sentences imposed for the counts specified in the order shall run concurrent with the specific sentences in L.T. Case No. 2022-CF-000332. We remand for correction of the scoresheet (filed in each of the four cases) to reflect—consistent with the trial court's oral pronouncement—that Defendant received a time-served sentence for Count 3 in each of L.T. Case Nos. 2022-CF-000334 and 2022-CF-000335. While the scoresheet correctly provides that Defendant received a time-served sentence for Count 3 in each of L.T. Case Nos. 2022-CF-000334 and 2022-CF-000335, it incorrectly, additionally provides that he received a 60-month sentence for Count 3 in each of L.T. Case Nos. 2022-CF-000334 and 2022-CF-000335.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.


EDWARDS, C.J., concurs.

KILBANE, J., concurs in part and dissents in part with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

KILBANE, J., concurring in part and dissenting in part.

I fully concur with the majority's decision to affirm Appellant's judgment and sentences and to remand for correction of costs. I otherwise dissent. *See Dubuc v. State*, 345 So. 3d 961 (Fla. 5th DCA 2022) (Eisnaugle, J., concurring in part and dissenting in part).